UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Robert N. Britton,

Plaintiff,

vs. MINUTE ORDER

U.S.S. Great Lakes Fleet, Inc.,

Defendant. Civ. No. 00-2160 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 2nd day of July, 2001.

I. Introduction

On June 29, 2001, the Court heard argument on the parties' joint Motion to Amend the Scheduling Order, as well as the Plaintiff's Motion to Take in Excess of Eight Depositions. For these purposes, the Plaintiff appeared by Kirk Karamanian, Esq., and the Defendant appeared by Jeffrey W. Ruple, Esq.

For reasons that were fully expressed at the conclusion of the Hearing, the Motion to Amend the Scheduling Order is granted, in part, but only to protect the Trial Court from needless discovery during the Trial of this action -- which, on occasion, can constitute "good cause" for the modification of a Scheduling Order. See, Rule 16, Federal Rules of Civil Procedure. Our initial Pretrial Scheduling Order set June 30, 2000, as the deadline for the

FILED JUL 0 2 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

completion of discovery. See, Pretrial Order, dated November 15, 1999. However, notwithstanding the imminent passage of that deadline, at the Hearing, the parties expressed an interest in extending the discovery deadline by three months, in order to take a myriad of additional discovery depositions.

Jointly, the parties advanced a series of make-weight arguments why the preparation of their respective cases remains a shambles, but the fact of the matter is that counsel have not attended to the advancement of this case, to Trial, in a manner consistent with Rule 1, Federal Rules of Civil Procedure. Apparently believing that, when both parties request inordinate delay, the Court is obliged to grant it, the parties offered lame excuses for the inexcusable inattention that this case has endured.[1] We are not persuaded that further delay advances any other interest than increasing the expense of litigating this case, to the detriment of the respective clients. Accordingly, we find no good cause that

---

[1]We find ludicrous the Plaintiff's assertion, that depositions of certain eyewitnesses was delayed because the witnesses are employed by the Defendant as seamen, and are frequently not in port. Imagine that, an admiralty case that involves seamen, either as a party, or as witnesses. We suspect that counsel for both parties practice little else than admiralty law, and yet they are not able to assist the Court, in establishing realistic pretrial deadlines, taking into account that the witnesses, who may be deposed, are sometimes unavailable.

the parties could not have completed their respective discovery had they exercised due diligence.

In our considered view, a grant of the Defendant's Motion, under these circumstances, would render the scheduling mandates of this Court meaningless, and therefore, we are hesitant to accept any modification of our original Scheduling Order. Nonetheless, the only parties prejudiced by any further delay are the respective clients, who will endure further costs, and attorneys' fees owing solely to interminable delay. The Court would rather disadvantage the clients who, perhaps, have some control over the conduct of their lawyers, than the Trial Court, and those persons who will be called to serve on a Jury, if this case goes to Trial. Neither the Court, nor the Jurors, should be caused to waste their time as counsel complete the discovery that they so strenuously avoided in the pretrial process.

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Bradford v. DANA Corporation, 249 F.3d 807, 809 (8th Cir. 2001), citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, in this case, neither party addressed their discovery obligations, until the termination of the discovery period was close-at-hand. As such, the parties' failure satisfy the deadlines of the Scheduling Order was not the

product of circumstances beyond their control but, rather, was the creation of their own inattention.

In order to preclude the Trial Court, and the Jury, of a needless exercise in discovery, we allow an extension of the discovery deadline to **July 30, 2001**, in order to allow the Plaintiff to take four additional depositions, and to afford the Defendant the opportunity to take the depositions of any of the Plaintiff's treating physicians who are designated, by the Plaintiff, to testify at the time of Trial. No further extensions will be allowed, and counsel are directed to assure that their respective clients are made aware of the Court's displeasure with the unnecessary cost, expense, and delay, in bringing this case to Trial, that was occasioned by counsel's inattention to their duties, under Rule 1, Federal Rules of Civil Procedure, for no apparent reason other than to incur excessive costs and fees.[2]

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendants' Motion to Extend the Discovery Schedule, and for Permission to Take in Excess of Eight Depositions [Docket No. 41], is GRANTED, in part, and to the extent that the

[2]Counsel are directed to comply with this directive by filing, under seal, their respective affidavit, or Declaration under penalty of perjury, that they have effectuated the order of this Court.

deadline for the close of discovery is **July 30, 2001**; the deadline for the filing, and hearing, of non-dispositive Motions is **August 30, 2001**; the deadline for the filing, and hearing, of dispositive Motions remains at **September 30, 2001**; and the Ready for Trial date remains at **October 30, 2001.**

2. That the Plaintiff shall be allowed a total of four additional discovery depositions, and the Defendant will be allowed to depose each of the treating physicians, who the Plaintiff will call at the time of Trial.

BY THE COURT:

Raymond L. Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE